UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**BOBBY JACK LEWIS**                                                                 **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 4:05CV-P110-M**

**MILES HART, JAILER** *et al.*                                                     **DEFENDANTS**

### MEMORANDUM AND ORDER

Bobby Jack Lewis, a prisoner at the Henderson County Detention Center ("HCDC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). In the caption, he names himself as a plaintiff as well as "Others Similarly Situated." *Id.* In suing on behalf of "Others Similarly Situated," the Court presumes Plaintiff Lewis is attempting to file a class action. He makes no such request, however, and he fails to demonstrate the existence of the requirements of a class action under Rule 23 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 23(a) (permitting class action only if four requirements are met: numerosity, commonality, typicality, and adequacy of representation).[1] Thus, Lewis is the only plaintiff in this action.[2]

---

[1] *See also Palasty v. Hawk*, No. 00-5840, 2001 WL 857209, at *2 (6th Cir. June 20, 2001) ("[N]o representative party was available because pro se prisoners are not able to represent fairly the class."); *Giorgio v. State of Tenn., Dep't of Human Servs. of Nashville and Jefferson County*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."); *Holmes v. Mich. Dep't of Corr.*, No. 85-1464, 1986 WL 18651, at *2 (6th Cir. Oct. 1, 1986) (listing published circuit and district court cases holding that "pro se prisoners are not adequate class representatives able to fairly represent the class").

[2] After Plaintiff Lewis filed the complaint and after the Court assessed the full $250.00 filing fee against him, six other HCDC inmates (Bean, Mallard, Hardrick, Murch, Richmond, and Cornwell) filed motions for permissive joinder pursuant to Rule 20 of the Federal Rules of Civil Procedure (DNs 6, 7, 8, 9, 11 & 12). While each inmate broadly alleges that "the five constitutional questions submitted by petitioner Lewis are identical to his own questions of law and fact," each inmate fails to provide facts supporting this broad assertion. Thus, the Court concludes that those six individuals are not properly before the Court as parties. Moreover, none of the six other inmates allege complete exhaustion of available administrative remedies as to each claim and as to each individual they intend to sue. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003). Such allegation is a prerequisite for prisoners wishing to file suit in federal court. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). Joinder would thus be futile as their claims would be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). Nothing in this Order, however, precludes those six inmates from initiating their own civil rights action following exhaustion of available administrative remedies.

Recently, on December 29, 2005, per the mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270 (1988); *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002), Plaintiff Lewis filed a motion for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (DN 13). Under that rule, a plaintiff may voluntarily dismiss the action without order of the court "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1).

Since no answer or motion for summary judgment has been filed by the defendants, **IT IS ORDERED** that the motion for voluntary dismissal is **GRANTED** and that the instant action is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(1).

Having dismissed the action, **IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

There being no just reason for delay in its entry, this is a final Order.

This Court further **certifies** that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Date:

cc:     Plaintiff, *pro se*
        HCDC Inmates Bean, Mallard, Hardrick, Murch, Richmond, Cornwell
        Defendants
        Henderson County Attorney
4414.005